

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>    v.<br>TYLER MONSON,<br><br>               Defendant. | Case No. 3:25-cr-00006-MMD-CLB<br><br>ORDER |

1. This case is scheduled for trial before the Honorable Miranda M. Du, United States District Judge, in Reno, Nevada, on the trial stack commencing on **TUESDAY, the 8th day of APRIL, 2025 at 9:00 A.M.** This is a **2-week** stack.

2. <u>Calendar call:</u> Counsel for all parties and pro se parties must appear (telephonically if they are out of town attorneys)[1] in Reno Courtroom 5 on **MONDAY, MARCH 17, 2025, at 9:00 A.M.** for calendar call. Unless a defendant is appearing *pro se*, defendants will not be required to appear for Calendar Call unless the Court directs otherwise. Counsel or *pro se* defendants will be excused from Calendar Call if, and prior to the scheduled calendar call, defendant's plea of guilty or nolo contendere has been accepted. Any stipulations to continue the trial or notifications of settlement must be filed five days before the Calendar Call date.

At the Calendar Call, all cases that remain to be tried will be ranked in order of trial with criminal cases taking priority over civil cases. If there is more than one case to be tried, the Court will advise the parties of the order in which the Court intends to try the cases and will give the parties an estimate of the start date of their trial. Thereafter, the Court will not grant a continuance to any party absent a showing of good cause. Unless

---

[1] Counsel must call 1-855-244-8681, at least 5 minutes before the hearing is scheduled to begin and enter access code 23050683701. The use of speaker phones and cell phones are prohibited.

the Court directs otherwise, the cases will then be tried one after the other on 24 hours' notice from the Clerk.

      3. <u>Change of plea hearings:</u> Counsel for the parties are responsible for ensuring that the plea agreement is mailed to the courtroom administrator, Karen Walker (Karen_Walker@nvd.uscourts.gov). Counsel will be contacted with a firm hearing date.

      4. <u>Status hearings</u>: The Court may conduct a status conference prior to the scheduled Calendar Call. Any party who wishes to request a pretrial status conference must notify the Courtroom Administrator no later than two weeks before Calendar Call. If the Court is satisfied during the status conference that the case is ready for trial, the Court may vacate the Calendar Call.

      5. <u>Witnesses</u>: Counsel and pro se defendants must immediately subpoena all witnesses for the time and trial date as listed above. Inasmuch as the cases will be tried in a trailing fashion, the subpoenas should contain a special instruction from counsel directing witnesses to contact **counsel's office**–not the Court–for further instructions prior to appearing for trial. Witnesses are not required to be present at the Calendar Call but must appear as subpoenaed. Unless a case-specific scheduling order or protective order entered by the Court provides otherwise, the government must provide a list of proposed case-in-chief witnesses to the Court and the defense no later than 14 days prior to trial. Witness lists should reflect the anticipated order of witnesses. During trial, counsel and parties appearing *pro se* must provide to the opposing party a list of their witnesses who will be called the trial next day by 3 p.m. the day before. The parties may agree to provide this list earlier, and the Court may adjust the timeline as needed.

      6. <u>Exhibits</u>: Counsel and pro se defendants must electronically file their complete exhibit lists–containing all exhibits they intend to use during the trial–seven calendar days before the trial. Counsel and pro se defendants must serve a copy of the same upon the opposing party at the same time. The government must use numerals 1 through 499 to number the exhibits, and defendants must use numerals 500 through 999. The exhibits are to be listed on a form provided by the Clerk's Office, and they may be computer-

generated if they conform to the requirements of the form that is provided by the Clerk.[2] The Court uses the Jury Electronic Recording Systems ("JERS"). At least seven calendar days before trial, the parties must provide the courtroom administrator with electronic media (*e.g.*, CD, thumb drive, or hard drive) that contains images of all the exhibits counsel intend to use, in a format specified by the memorandum attached as exhibit 1 to this order. Counsel should retain copies of their exhibits for use by the witness in the courtroom if needed. But for clarity, the parties need not prepare any paper exhibits unless the other party is proceeding *pro se*, in which case the represented party should make paper copies of all exhibits and make them available to the *pro se* party such that the exhibits are reasonably accessible to the *pro se* party a reasonable amount of time before trial. If the parties expect they will use many voluminous exhibits or are otherwise concerned about the presentation of exhibits at trial, they must immediately file a joint motion requesting a status conference with the Court and notify the courtroom administrator when they have done so.

7. Marking exhibits: During preparations for trial, counsel for all parties must meet, confer, pre-mark, and exchange all trial exhibits. At least the Friday before trial, counsel must notify Judge Du's courtroom administrator that the exhibits have been pre-marked.

8. Evidence display equipment: Counsel may use the Court's evidence display equipment or their own display equipment. Counsel must contact the courtroom administrator if they wish to use the evidence display equipment, either to reserve the Court's equipment and arrange for training to use the Court's equipment or to arrange a time and date to set up counsel's equipment prior to trial.

9. Jury instructions: Seven calendar days before trial, the parties must file with the Clerk's Office *one* document containing the parties' mutually acceptable jury instructions,

---

[2]Exhibit list forms can be found at https://www.nvd.uscourts.gov under the forms tab. If Plaintiffs have more than 500 exhibits, Defendants may begin numbering at 1000 or 2000.

disputed jury instructions, and proposed verdict forms.[3] Parties need not include the Court's standard closing, criminal jury instructions in their proposed jury instructions, and can instead assume the Court will give them. The parties' proposed jury instructions must include the supporting authority for each instruction, and for disputed instructions, a brief argument for each instruction as well as the opposing objections to the disputed instructions. The Court has found that footnotes are a good way to do this. For example, each disputed instruction should be followed by two footnotes, one explaining why the proponent of the instruction argues the Court should give it, and the other explaining why the other side argues the Court should not. All proposed instructions must be supported by legal authority, such as the Ninth Circuit Manual of Model Jury Instructions. Any modifications of instructions from statutory authority, the Ninth Circuit Manual of Model Jury Instructions, or any other model instructions, must specifically state the modification made to the original source and the authority and argument supporting the modification. Counsel must provide a copy of the same in Microsoft Word file format to chambers by email to the courtroom administrator at Karen_Walker@nvd.uscourts.gov.

10. <u>Suggested voir dire questions</u>: Seven calendar days before trial, counsel or defendants appearing *pro se* must also file with the Clerk of the Court all suggested voir dire questions to be asked of the jury panel by the Court. Counsel must provide a copy of the same in Microsoft Word format to chambers by email to the courtroom administrator at Karen_Walker@nvd.uscourts.gov.

11. <u>Statement of the case</u>: Seven calendar days before trial, counsel or parties appearing *pro se* must also jointly file with the Clerk of Court a brief joint statement of the case, no longer than one-half page, to be read to prospective jurors at the time of jury selection. Counsel must provide a copy of the same in Microsoft Word format to chambers by email and to the Courtroom Administrator at Karen_Walker@nvd.uscourts.gov. If the

---

[3] Judge Du's standard jury instructions are available at https://www.nvd.uscourts.gov/court-information/judges/judge-miranda-m-du/.

parties cannot agree on a joint statement, they must file separate statements of the Indictment, indicating which portions should be read to the jury, to satisfy this requirement.

12. <u>Government's trial memorandum</u>: The government must submit its original Government's Trial Memorandum under seal seven calendar days before trial and must also provide a copy (marked confidential) to the courtroom administrator. The government's trial Memorandum must be served on counsel for the defendant on the date trial commences and will be unsealed and filed by the Court at that time.

13. <u>Trial schedule</u>: Trial will generally begin at 9:00 a.m. and end at 3 or 3:30 p.m. However, parties should plan to be available between 8:30 and 9:00 a.m. and after the end of trial each day of trial to address matters outside the presence of the jury. This standard trial schedule may be modified for good cause; however, requests should be submitted at Calendar Call or before the written trial schedule is issued to jurors. The Court generally takes a morning recess of about fifteen minutes and a later lunch of about thirty minutes. The Court accordingly advises the parties to bring lunch or make lunch arrangements in advance.

14. <u>Trial Judge</u>: Although the cases that are on the trial stack are assigned to Judge Du, the cases may proceed to trial before another Nevada district judge or a visiting district judge.

15. <u>Sanctions</u>: As provided for under the Local Rules of Practice of this court, the Court will consider the imposition of sanctions against any attorney who: (1) fails to timely file trial briefs, suggested voir dire questions, and proposed jury instructions, whichever is applicable, as prescribed by the Pretrial Order, Order regarding Pretrial Procedure, Scheduling Order, or any order extending the time for such filings; or (2) fails to comply with any provision of this order, including, but not limited to, the failure to appear for calendar call without first having been excused by the Court or the Clerk with the permission of the Court; or (3) fails to timely comply with any other order that schedules deadlines for trial preparation.

///

16. <u>Unconscious bias</u>: The Court will direct the Jury Administrator to show the *Unconscious Bias Juror Video* developed by the Western District of Washington to prospective jurors as part of their orientation before jury selection. Counsel may view the video at www.wawd.uscourts.gov.

17. <u>Contact Person</u>: All questions and information regarding trial are to be directed to Karen Walker, Courtroom Administrator.

The date of the Clerk's File Mark will constitute the date of this order.

IT IS SO ORDERED.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE