RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
SEAN A. MCCLELLAND
Assistant Federal Public Defender
Nevada State Bar No. 16581
200 S. Virginia Street, Suite 340
Reno, Nevada 89501
(775) 321-8451/Tel.
(702) 388-6261/Fax
Sean_McClelland@fd.org

Attorney for TYLER MONSON

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>TYLER MONSON,<br><br>           Defendant. | Case No.  3:25-cr-00006-MMD-CLB<br><br>**STIPULATION TO CONTINUE MOTION DEADLINES AND TRIAL DATES**<br>(First Request) |

IT IS HEREBY STIPULATED AND AGREED, by and between Federal Public Defender Rene L. Valladares, Assistant Federal Public Defender SEAN A. MCCLELLAND, counsel for TYLER MONSON, Acting United States Attorney Sue Fahami, and Assistant United States Attorney MEGAN RACHOW, counsel for the United States of America, that the calendar call currently scheduled for March 17, 2025 at 9:00 a.m. be vacated and continued to **June 9, 2025** at 9:00 a.m., and the trial scheduled for April 8, 2025 at 9:00 a.m., be vacated and continued to **July 1, 2025** at 9:00 a.m.

IT IS FURTHER STIPULATED AND AGREED, that the parties herein shall have to and including **May 7, 2025**, to file any and all pretrial motions and notices of defense.

IT IS FURTHER STIPULATED AND AGREED, by and between the parties, that they shall have to and including **May 21, 2025**, to file any and all responsive pleadings.

IT IS FURTHER STIPULATED AND AGREED, by and between the parties, that they shall have to and including **May 28, 2025**, to file any and all replies to dispositive motions.

The Stipulation to continue is entered into for the following reasons:

1. First, the failure to grant this continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

2. The client is currently detained and consents to the continuance.

3. Counsel for the defendant will need additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or resolved through negotiations.

4. The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for the defendant sufficient time to complete necessary research, prepare and submit appropriate pretrial motions.

5. The proposed date would allow counsel to represent other clients zealously and still allow for meaningful investigation and litigation of this case, including the filing of pretrial and trial motions.

6. Denial of this request for continuance would deny counsel for the defendant sufficient time to effectively and thoroughly prepare and submit pretrial motions and notices of defense, taking into account the exercise of due diligence.

7. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, § 3161(h)(7)(A), considering the factors under Title 18, United States Code §§ 3161(h)(7)(B)(i) and

1  3161(h)(B)(iv).

2  This is the first stipulation to continue filed herein.

3  DATED this 6th day March, 2025.

| RENE L. VALLADARES<br>Federal Public Defender | SUE FAHAMI<br>Acting United States Attorney |
|---|---|
| By: */s/Sean A. McClelland*<br>SEAN A. MCCLELLAND<br>Assistant Federal Public Defender<br>Counsel for Tyler Monson | By: */s/Megan Rachow*<br>MEGAN RACHOW<br>Assistant United States Attorney<br>Counsel for United States |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>TYLER MONSON,<br><br>  Defendant. | Case No.  3:25-cr-00006-MMD-CLB<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER** |

**FINDINGS OF FACT**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. The continuance is necessary for the following reasons. First, the failure to grant this continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

2. The client is detained and consents to the continuance.

3. Counsel for the defendant will need additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or resolved through negotiations.

4. The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for the defendant sufficient time to complete necessary research, prepare and submit appropriate pretrial motions.

5. The proposed date would allow counsel to represent other clients zealously and still allow for meaningful investigation and litigation of this case, including the filing of pretrial

and trial motions.

6.     Denial of this request for continuance would deny counsel for the defendant sufficient time to effectively and thoroughly prepare and submit pretrial motions and notices of defense, taking into account the exercise of due diligence.

7.     Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, § 3161(h)(7)(A), considering the factors under Title 18, United States Code §§ 3161(h)(7)(B)(i) and 3161(h)(B)(iv).

This is the first stipulation to continue filed herein.

### **CONCLUSIONS OF LAW**

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161 (h)(7)(A), when the considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

# **ORDER**

IT IS THEREFORE ORDERED that the parties herein shall have to and including May 7, 2025 to file any and all pretrial motions and notice of defense.

IT IS FURTHER ORDERED that the parties shall have to and including May 21, 2025 to file any all responses.

IT IS FURTHER ORDERED that the parties shall have to and including May 28, 2025 to file any and all replies.

IT IS FURTHER ORDERED that the calendar call currently scheduled for March 17, 2025 at 9:00 a.m. be vacated and continued to June 9, 2025 at 9:00 a.m., and the trial scheduled for April 8, 2025 at 9:00 a.m., be vacated and continued to July 1, 2025 at 9:00 a.m.

DATED this _____ of March, 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE